IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:17-CV-226-FL

| | | |
|---|---|---|
| RAVELLE PEARSALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DELTA CAREER EDUCATION CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion for default judgment. (DE 16). The clerk of court entered default against defendant February 9, 2018. (DE 14). Defendant made no response, and the deadline to do so has elapsed. In this posture, the issues presented are ripe for ruling. For reasons noted, the motion is granted.

**BACKGROUND**

Plaintiff initiated this action November 27, 2017, seeking to confirm arbitration award rendered October 29, 2017, pursuant to the Federal Arbitration Act ("FAA"). 9 U.S.C. §§ 9 and 13. Following four-day evidentiary hearing, the arbitrator found that defendant terminated plaintiff's employment due to her race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2, and the North Carolina Equal Employment Practices Act. N.C. Gen. Stat. § 143-422.2. The arbitrator awarded $141,020 in damages, $171,561.25 in attorney's fees, and $12,069.43 in costs.

In her petition, plaintiff seeks confirmation of the award, pre-judgment interest accruing from

October 29, 2017, and costs and attorneys fees arising from the instant proceedings.

## DISCUSSION

A.  Standard of Review

As noted above, the clerk has entered default against defendant. Federal Rule of Civil Procedure 55(b) allows a clerk to enter default judgment if the plaintiff's claim is for a sum certain. "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Id.

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). "The defendant is not held to conclusions of law," and "a default judgment may be lawfully entered only according to what is proper to be decreed upon the statements of the [complaint], assumed to be true, and not of course according to the prayer of the [complaint]." Id. (internal quotations omitted).

B.  Analysis

    1.  Confirmation of Arbitration Award

The FAA provides:

> If the parties . . . agree[] that a judgment of the court shall be entered upon the award made pursuant to the arbitration, . . . then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, the such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.

A court's authority to review an arbitration award is "substantially circumscribed." Patten, 441 F.3d at 234. Indeed, "the scope of judicial review for an arbitrator's decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all– the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." Three S Delaware, Inc., v. DataQuick Info. Sys., Inc., 492 F.3d 520, 527 (4th Cir. 2007) (citation and internal quotations omitted). In reviewing an award, a district court "is limited to determine whether the arbitrators did the job they were told to do– not whether they did it well, or correctly, or reasonably, but simply whether they did it." Id. (citation and internal quotations omitted).

In the instant matter, plaintiff's filings demonstrate that the arbitration award is valid, and, where defendant is in default, no challenge to factual premises of this conclusion is before the court. See Ryan, 253 F.3d at 780. Therefore, where the FAA mandates confirmation on plaintiff's request, the award is confirmed. See 9 U.S.C. § 9.

2. Attorney's Fees

Under the "American rule," litigants pay their own attorneys' fees in absence of a statutory or enforceable contractual provision allowing attorneys' fees to be awarded to a prevailing party. E.E.O.C. v. Propak Logistics, Inc., 746 F.3d 145, 151 (4th Cir. 2014). "The FAA neither contemplates nor precludes an award of attorneys' fees." Crossville Med. Oncology, P.C. v. Glenwood Sys., LLC, 610 F. Appx. 464, 467 (6th Cir. 2015) (citing Menke v. Monchecourt, 17 F.3d 1007, 1009 (7th Cir. 1994)); see also Astanza Design, LLC v. Giemme Stile, S.p.A., 220 F. Supp. 3d 641, 653 (M.D.N.C. 2016). Where plaintiff does not claim entitlement to attorneys' fees

3

premised upon any contract, any such award must rest upon a fee-shifting statute. See id.

Title VII, which constitutes one basis for the arbitrator's award, contains a fee-shifting statute, which reads as follows:

> In any action or proceeding under [Title VII] the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs . . .

42 U.S.C. § 2000e-5(k). "Prevailing plaintiffs in Title VII action ordinarily are entitled to attorneys' fees unless special circumstances militate against such an award." E.E.O.C. v. Great Steaks, 667 F.3d 510, 516 (4th Cir. 2012) (citations omitted). "This generous standard effectuates Congress's intent for plaintiffs of serve as 'private attorney[s] general,' vindicating a policy that Congress considered of the highest priority." Id.

Although neither the FAA nor Title VII addresses directly whether attorney's fees may be awarded for post-arbitration proceedings under circumstances where attorney's fees were awarded for an attorney's services at arbitration, in light of the "generous standard" for award of attorney's fees under Title VII, the court elects to award attorney's fees here. See id. However, time entries for lead counsel Josh Van Kempen dated February 5, February 7, February 11–13, and February 18, 2018, appear to address an unrelated claim based upon defendant's accreditation as an educational institution, and, in addition, said time entries include unintelligible abbreviations. (DE 16-1 at 3). Therefore, the court declines to award attorney's fees for lead counsel's work on these dates. Excluding the foregoing entries, the court awards $4,230.00 to Josh Van Kempen, $1500.00 to Sean F. Herrmann, $2880.00 to Kevin P. Murphy, $945.00 to paralegal with initials MJ, and $330.00 to paralegal with initials NM, which amounts to total award $9,885.00.

3.  Interest

It is within the Court's discretion to award pre-judgment interest. Maksymchuk v. Frank, 987 F.2d 1072, 1077 (4th Cir. 1993). Awarding pre-judgment interest "serves the legitimate goals of making a party whole, or compensating the injured party for the loss of the use of money he would otherwise have had." Marlen C. Robb & Son Boatyard & Marina, Inc., v. Vessel Bristol, 893 F.Supp. 526, 540 (E.D.N.C.1994); see also EEOC v. Liggett & Myers Inc., 690 F.2d 1072, 1074 (4th Cir. 1982). The Fourth Circuit has recognized propriety of the trial court's resort to a state's statutory interest rate as the rate of pre-judgment interest in cases involving a federal cause of action. See Quesinberry v. Life Ins. Co. of North America, 987 F.2d 1017, 1031 (4th Cir. 1993). North Carolina's statutory interest rate is 8% per year. N.C. Gen Stat. § 24–1. Accordingly, in its discretion, the court awards pre-judgment interest at 8% per annum accruing from October 29, 2017.

"In contrast to the district court's discretion in the awarding of pre-judgment interest, federal law mandates the awarding of post-judgment interest." Quesinberry, 987 F.2d at 1031 (citing 28 U.S.C. § 1961). Therefore, the court awards post-judgment interest at the rate prescribed by 28 U.S.C. § 1961 until the judgment is satisfied.

## CONCLUSION

For reasons noted, plaintiff's motion for default judgment is GRANTED. Arbitration award dated October 29, 2017, in total amount $324,650.68, (DE 10-5), is CONFIRMED. The court AWARDS costs and attorney's fees associated with the instant proceedings in amount $9,885.00. The court AWARDS pre-judgment interest at 8% per annum accruing from October 29, 2017. The court AWARDS post-judgment interest at the rate prescribed by 28 U.S.C. § 1961 until the judgment is satisfied. The clerk is DIRECTED to close this case.

SO ORDERED, this the 25th day of June, 2018.

                                                     _____
                                                     LOUISE W. FLANAGAN
                                                     United States District Judge